**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MIRNA HAMMOUD,

  Plaintiff,           Case Number: 2:19-cv-12789

                 Honorable

v.

EQUIFAX INFORMATION
SERVICES, LLC,
CREDIT ONE BANK, N.A.; and
CREDICO, INC. d/b/a CREDIT
COLLECTIONS BUREAU, INC.,

  Defendants.
_____/

CHAMI LAW, PLLC
Tarek N. Chami (P76407)
22000 Michigan Ave., Suite 200
Dearborn, MI 48124
(P): (313) 444-5029
(F): (888) 428-7911
(E): tarek@chamilawpllc.com
Attorney for Plaintiff

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

  Plaintiff Mirna Hammoud, ("Plaintiff"), by and through his attorney, brings this action for damages against Defendants Equifax Information Services, LLC ("Equifax"), Credit One Bank, N.A. ("Credit One"), and Credico, Inc. d/b/a Credit Collections Bureau, Inc. ("CCB"), (collectively, "Defendants"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction because this action arises out of violations of federal law. 28 U.S.C. §§ 1331. Jurisdiction is also proper pursuant to 15 U.S.C. 1681p (FCRA) (permitting actions to enforce liability in an appropriate United States District Court).

2. Venue in the United States District Court for the Eastern District of Michigan is proper because Plaintiff resides in this District, Defendants regularly transact business within this District and are otherwise subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

4. During all time relevant to this Complaint, Plaintiff was a resident of Wayne County, State of Michigan.

5. Defendant Equifax is a credit reporting agency, as defined in 15 U.S.C. § 1681a(f)). On information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC 1681a(d), to third parties. Equifax's principal place of business is located at 1550 Peachtree

Street NW, Atlanta, Georgia, 30309.  Equifax can be served with process through its registered agent: CSC- Lawyers Incorporating Service, 601 Abbott Rd., Suite 2345, Lansing, Michigan 48823.

6. Defendant Credit One is a Nevada corporation with its principal place of business located at 6901 S. Cimarron Road, Las Vegas, NV 89113. Defendant Credit One is an entity which engages in the practice of furnishing consumer information to consumer reporting agencies and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA.  Further, Defendant Credit One is a "person" as defined by FCRA 1681a(b).

7. Defendant CCB is a North Dakota corporation with its principal place of business located at 3550 E Rosser Ave, ND, 58502.  Defendant CCB is an entity which engages in the practice of furnishing consumer information to consumer reporting agencies and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA.  Further, Defendant CCB is a "person" as defined by FCRA 1681a(b).

8. On information and belief, Equifax disburses consumer reports to third parties under contract for monetary compensation.

9.   During all times pertinent to this Complaint, Defendants acted through authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10.   Plaintiff filed a Chapter 7 bankruptcy in May of 2018 and received a discharge in August of 2018.

11.   Plaintiff was looking to rebuild her credit and waited nearly one year to apply for credit card.

12.   In or around June of 2019, Plaintiff applied for a Kohls credit card and was denied.  As a result of the denial, Plaintiff pulled her credit reports and discovered several inaccurate tradelines reporting only on her Equifax credit report.

13.   The inaccuracies consisted of three accounts reporting an account status as charged off post discharge from Comenity Bank, Celtic Bank Corp and Credit One Bank.  In addition, there was an open collection account from CCB, Inc. with an amount owed of $1,135 and another account reporting charged off with a past due balance of $987 from TBOM/TFC (collectively "furnishers").

14.   On or about August 2, 2019, Plaintiff mailed a dispute letter, certified mail, to Defendant Equifax disputing all five tradelines.

15.   Upon information and belief, Defendant Equifax notified the furnishers that Plaintiff was disputing the accounts.

16.     Defendant Equifax, as required by the FCRA, did not send a response to Plaintiff's dispute within 30 days of receipt.  As of the date of filing this action, Plaintiff still has not received a response.

17.     Plaintiff viewed her Equifax credit report online and found that the Comenity Bank tradeline's account status was updated to report included in bankruptcy.  The Celtic Bank Corp and the TBOM/TFC accounts had been removed.

18.     Plaintiff's Credit One Bank tradeline continued to report an account status of charged off and the CCB tradeline was still reporting an open collection account with a balance of $1,135.

19.     Defendants' actions have caused Plaintiffr to suffer actual damages, including but not limited to, loss of credit opportunity, increased finance charges, emotional distress, mental anguish, and embarrassment.

20.     Any violations by Defendants as set forth in this Complaint were not in good faith, knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adopted to avoid any such violation.

## COUNT I
## DEFENDANT EQUIFAX'S VIOLATIONS OF THE
## FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *et seq.*

21.     Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

22. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(l)(A).

23. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

24. Within the last wo years preceding the filing of this complaint, Plaintiff notified Defendant Equifax of an inaccuracy contained in her credit report and asked it to correct the inaccuracy.

25. Defendant Equifax failed to conduct a reasonable reinvestigation of the inaccuracy that Plaintiff disputed.

26. Defendant Equifax failed to review and consider all relevant information submitted by Plaintiff.

27. Defendant Equifax failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information, and file, in violation of 15 U.S.C. § 1681e(b).

28. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

29. Defendant Equifax's violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

30. Plaintiff is entitled to recover statutory damages up to $1,000.00, punitive damages, costs, and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to § 1681n.

## COUNT II
## DEFENDANTS CREDIT ONE AND CCB'S VIOLATIONS OF FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *et seq.*

31. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

32. The FCRA requires furnishers such as Defendant Credit One and CCB, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to

report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

33. Within the last two years, Defendants Credit One and CCB provided inaccurate information to the credit reporting agencies.

34. Within the past two years, Plaintiff notified Defendant Equifax, that its reports concerning Defendants Credit One and CCB were inaccurate. Thereafter, Defendant Equifax Defendant Credit One and CCB that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

35. Defendants Credit One and CCB violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

   a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Credit One and CCB.;

   c. Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

   d. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

 e. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all the credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

 f. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to the credit reporting agencies;

 g. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to the credit reporting agencies; and

 h. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

36.  Defendants Credit One and CCB's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

//

//

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants for the following:

Fair Credit Reporting Act Violations

(a) Actual and statutory damages pursuant to 15 U.S.C. § 1681n(a)(1) and § 1681o(a)(1);

(b) Punitive damages as the Court may allow pursuant to 15 U.S.C. §§ 1681n(a)(2);

(c) Costs and reasonable attorney fees pursuant to 15 U.S.C § 1681n(a)(3) and § 1681o(a)(1);

(d) Such other and further relief as this Honorable Court may deem just and proper, including pre-judgment and post-judgment interest.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted,

CHAMI LAW, PLLC

Dated: September 24, 2019

By: /s/ *Tarek N. Chami*
Tarek N. Chami (P76407)
22000 Michigan Ave., Suite 200
Dearborn, MI 48124
(P): (313) 444-5029
(F): (888) 428-7911
(E): tarek@chamilawpllc.com
Attorney for Plaintiff