# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MIRNA HAMMOUD** | Case No.: 2:19-cv-10423-GCS-APP |
| Plaintiff, | Judge George Caram Steeh |
| v. | Magistrate Judge Anthony P. Patti |
| **EQUIFAX INFORMATION SERVICES LLC, et al,** | |
| Defendants. | |

| | |
|---|---|
| CHAMI LAW, PLLC<br>Tarek N. Chami<br>22000 Michigan Ave., Suite 200<br>Dearborn, MI 48124<br>(313) 444-5029<br>Email: tarek@chamilawpllc.com<br>*Attorneys for Plaintiffs* | CLARK HILL PLC<br>Jordan S. Bolton<br>151 S. Old Woodward Ave., Suite 200<br>Birmingham, MI 48009<br>(248) 988-1839<br>Email: JBolton@clarkhill.com<br>*Attorneys for Equifax Information Services LLC.* |

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's First Amended Complaint ("Complaint") as follows:

## **PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## **ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. To the extent Plaintiff has properly alleged her claims, Equifax admits the Court may exercise its jurisdiction. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

2. Equifax admits it conducts business in the Eastern District of Michigan. To the extent Plaintiff has properly alleged her claims, Equifax admits the Court may exercise its jurisdiction. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2.

3. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 2.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Equifax admits the allegations in Paragraph 5.

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Equifax admits the allegations in Paragraph 8.

9. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Equifax admits it received a dispute from Plaintiff. Equifax states that the dispute speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

15. Equifax admits that it forwarded Plaintiff's dispute to Celtic Bank and

TBOM/TFC. Equifax denies it forwarded Plaintiff's dispute to Comenity, CCB, or Credit One, but denies that this conduct violates the FCRA.

16. Equifax denies the allegations in Paragraph 16.

17. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Equifax denies the allegations in Paragraph 19 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19.

20. Equifax denies the allegations in Paragraph 20 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20.

21. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 20.

22. Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 22.

23. Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations

in Paragraph 23.

24. Equifax admits it received a dispute from Plaintiff. Equifax states that the dispute speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

25. Equifax denies the allegations in Paragraph 25.

26. Equifax denies the allegations in Paragraph 26.

27. Equifax denies the allegations in Paragraph 27.

28. Equifax denies the allegations in Paragraph 28.

29. Equifax denies the allegations in Paragraph 29.

30. Equifax denies the allegations in Paragraph 30.

31. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 30.

32. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Equifax is without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 35.

36. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. Equifax denies Plaintiff is entitled to any relief claimed in her Prayer for Relief.

38. Equifax admits Plaintiff demands a trial by jury.

39. Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

## FIRST DEFENSE

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

## SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

## THIRD DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FOURTH DEFENSE

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

## FIFTH DEFENSE

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

Equifax reserves the right to assert additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) Equifax be dismissed as a party to this action;

(3) Equifax recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted this 16th day of October 2019.

>*/s/ Jordan S. Bolton*
>Jordan S. Bolton (P66309)
>CLARK HILL, PLC
>151 S. Old Woodward Ave., Suite 200
>Birmingham, MI 48009
>(248) 988-1839
>jbolton@clarkhill.com
>*Attorneys for Equifax Information Services LLC*

9