UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRNA HAMMOUD,

    Plaintiff,                               Case Number: 2:19-cv-12789

v.

EQUIFAX INFORMATION
SERVICES, LLC.

    Defendant.
_____/

| CHAMI LAW, PLLC | CLARK HILL PLC |
|---|---|
| Tarek N. Chami (P76407) | Jordan S. Bolton |
| 22000 Michigan Ave., Suite 200 | 151 S. Old Woodward Ave., Suite 200 |
| Dearborn, MI 48124 | Birmingham, MI 48009 |
| (P): (313) 444-5029 | (248) 988-1839 |
| (F): (888) 428-7911 | |
| (E): tarek@chamilawpllc.com | Email:  JBolton@clarkhill.com |
| Attorney for Plaintiff | Attorneys for Equifax Information Services LLC |

## JOINT CASE MANAGEMENT REPORT

1. **Related Cases**: Identify any pending related cases or previously adjudicated related cases. N/A

2. **Jurisdiction**: This Court has federal question jurisdiction because this action arises out of violations of federal law. 28 U.S.C. §§ 1331. Jurisdiction is also proper pursuant to 15 U.S.C. 1681p (FCRA) (permitting actions to enforce liability in an appropriate United States District Court).

3. **Venue:** Venue in the United States District Court for the Eastern District of Michigan is proper because Plaintiff resides in this District, Defendants regularly transact business within this District and are otherwise subject to personal

jurisdiction in this District, and a substantial part of the events or omissions giving rise to this action occurred in this District.

4. **Factual Summary**:

**Plaintiff's statement:**

Plaintiff filed a Chapter 7 bankruptcy in May of 2018 and received a discharge in August of 2018. Plaintiff was seeking to rebuild her credit and waited nearly one year to apply for a credit card.

In or around June of 2019, Plaintiff applied for a Kohls credit card and was denied. As a result of the denial, Plaintiff pulled her credit reports and discovered several inaccurate tradelines reporting only on her Equifax credit report. The inaccuracies consisted of three accounts reporting an account status as charged off post discharge from Comenity Bank, Celtic Bank Corp and Credit One Bank. In addition, there was an open collection account from CCB, Inc. with an amount owed of $1,135 and another account reporting charged off with a past due balance of $987 from TBOM/TFC.

On or about August 2, 2019, Plaintiff mailed a dispute letter, certified mail, to Defendant disputing all five inaccurate tradelines. Defendant, as required by the FCRA, failed to send a response to Plaintiff's dispute within 30 days of receipt and Plaintiff still has not received a response. Plaintiff viewed her Equifax credit report online and found that Comenity Bank tradeline's account status was updated to report included in bankruptcy. The Celtic Bank Corp and the TBOM/TFC accounts had been removed. However, Plaintiff's Credit One Bank tradeline continued to report an account status of charged off and the CCB tradeline was still reporting an open collection account with a balance of $1,135.

**Defendant's Statement:**

Equifax is a consumer reporting agency, as that term is defined in the FCRA, and is regularly engaged in the preparation of consumer reports as defined by § 1681a(f).  Equifax maintains reasonable procedures designed to assure the maximum possible accuracy of the information it reports about consumers. Equifax denies that it violated the FCRA in its handling of Plaintiff's disputes and that it is liable to Plaintiff in any manner whatsoever.

5. **Legal Issues**:

Plaintiff's statement: The Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(l)(A).

The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

Plaintiff notified Defendant Equifax of an inaccuracy contained in her credit report and asked it to correct the inaccuracy. Defendant Equifax failed to conduct a reasonable reinvestigation of the inaccuracy that Plaintiff disputed. Defendant Equifax failed to review and consider all relevant information submitted by Plaintiff. Defendant Equifax failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information, and file, in violation of 15 U.S.C. § 1681e(b). Defendant Equifax's violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

Equifax's Statement: The principal and legal issues are (1) whether Plaintiff's damages, if any, were proximately caused by Equifax's alleged violations of obligations under the FCRA and (2) whether Plaintiff suffered any damages as a result of Equifax's alleged conduct.

6. **Amendment of Pleadings**: Identify any anticipated amendments of pleadings to add or delete claims, defenses, or parties. The Court expects the parties to be familiar with the Federal Rules of Civil Procedure regarding amendment of pleadings, including those rules that pertain to amendment as of right.

The parties do not anticipate the need to amend the pleadings.

7. **Discovery**: (a) Summarize the discovery each party intends to pursue, including expert witnesses, and any anticipated disputes; (b) Explain how the discovery process will satisfy the proportionality requirements of Fed. R. Civ. P. 26(b)(1) (by, as examples, identifying the most important subjects and the most accessible sources of information about those subjects; stating how the parties intend to balance the costs of discovery with the amounts at stake in the litigation; and explaining how the parties intend to pursue only that discovery that is truly necessary to resolve the case); (c) Pursuant to paragraph (b), identify every parties' three (3) key witnesses that should be deposed first and the key documents that should be produced up front, as well as any other arrangements for exchanging initial disclosures required by Fed. R. Civ. P. 26(a)(1); (d) indicate whether any document requests have been delivered pursuant to Fed. R. Civ. P. 26(d); and (e) address whether there is a need for a protective order or a confidentiality order pursuant to Federal Rule of Evidence 502(d).

### Plaintiff:
a. Plaintiff's credit file. Defendants' information related to policies and procedures for dealing with consumer disputes and the investigation process to ensure accurate reporting. Plaintiff anticipates the need for an expert on damages.

b. Defendant's policies and procedures on reinvestigating consumer disputes is the most critical subject of discovery.

c. Plaintiff's three (3) key witnesses: Plaintiff, Plaintiff's spouse and one or more of Defendant's corporate representative.

d. No documents have been delivered pursuant to Fed. R. Civ. P. 26(d). The parties shall deliver their initial disclosures within 14 days of the Rule 26(f) conference.

e. The parties anticipate the need for a protective order prior to the production of documents and will jointly prepare one to be filed with the court.

### Equifax:
a. Discovery will be needed on all allegations, claims, theories of liability, and damages alleged in the Complaint. Depending on the

    information obtained in discovery, Equifax may anticipate the need for an expert or rebuttal expert.

    b.    Investigation into Plaintiff's claims and damages are the most critical subject of discovery.

    c.    Defendant's three (3) key witnesses: Plaintiff, Plaintiff's spouse and any witnesses relevant to Plaintiff's claims or damages.

    d.    No documents have been delivered pursuant to Fed. R. Civ. P. 26(d). The parties shall deliver their initial disclosures within 14 days of the Rule 26(f) conference.

    e.    The parties anticipate the need for a protective order prior to the production of documents and will jointly prepare one to be filed with the court.

8. **Electronic Discovery**: Explain the agreement reached by the parties' for the preservation and discovery of electronic discovery and whether implementation of this District's Model Order Relating to the Discovery of Electronically Stored Information 1(http://www.mied.uscourts.gov/pdffiles/SteehEsiOrderChecklist.pdf) is warranted. The parties are also encouraged to consult this District's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information, attached to the Model Order linked to above. At the very least, the parties' agreement should cover (a) the ESI to be preserved; (b) the form in which any ESI will be produced (i.e., native format, PDF, paper, etc.); (c) whether to limit discovery of ESI to particular sources or custodians, at least as an initial matter; and (d) search terms or methods to be used to identify responsive materials.

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

The parties will produce documents initially in PDF and in native (for documents in Excel only) formats. Should either party request additional formats, the parties will meet and confer to decide on additional production protocol.

9. **Settlement**: Explain the prospects for settlement and whether the parties are interested in Case Evaluation (see E.D. Mich. LR 16.3) or other methods of alternate dispute resolution, without indicating the positions of each side. Identify the discovery that would be most helpful in evaluating likelihood of settlement.

Parties have not discussed settlement to date. Parties do not believe that alternate dispute resolution is necessary at this time.

10. **Consent**: Indicate jointly whether the parties consent to the jurisdiction of a United States Magistrate Judge as provided in 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

The parties do not consent to the jurisdiction of a United States Magistrate Judge.

11. **Trial**: Identify whether this will be a jury or bench trial and the estimated length of trial. Also identify when each side can be ready for trial.

This shall be a trial by jury.  Plaintiff expects to be ready for trial by late 2020.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | CHAMI LAW, PLLC |
| Dated: November 13, 2019 | By: /s/ *Tarek N. Chami* |
|  | Tarek N. Chami (P76407) |
|  | 22000 Michigan Ave., Suite 200 |
|  | Dearborn, MI 48124 |
|  | (P): (313) 444-5029 |
|  | (F): (888) 428-7911 |
|  | (E): tarek@chamilawpllc.com |
|  | Attorney for Plaintiff |
|  | By: /s/ *Jordan S. Bolton* |
|  | Jordan S. Bolton |
|  | CLARK HILL, PLC |
|  | 500 Woodward Avenue, Suite 3500 |
|  | Detroit, MI 48226 |
|  | Tel. (313) 965-8300 |
|  | Fax (313) 965-8252 |
|  | Attorneys for Equifax Information Services LLC |